UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAKIEA L. ROBINSON,

Plaintiff,

-against-

MAGNA CARE; CONSTITUTION STATE SERVICES TPA FOR INDEMNITY INS.; COCA-COLA; LOCAL UNION TEAMSTERS 812,

Defendants.

26-CV-7672 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Lakiea L. Robinson, a resident of Bridgeport, Connecticut who is appearing *pro se*, brings this action under the court's federal question and diversity jurisdictions. As Plaintiff has done in prior actions in this court, she alleges that her former employer directed her medical insurance carrier to deny her claim and shared her confidential medical information with third parties without her consent. She invokes the First, Tenth, and Fourteenth Amendments to the United States Constitution, amendments to Title XXVII of the Public Health Services Act (the "No Surprises Act"), the Employee Retirement Income Security Act, the Health Insurance Portability and Accountability Act ("HIPAA"), and a breach of fiduciary duty. Plaintiff names as defendants: (1) Magna Care; (2) Constitution State Services TPA for Indemnity Insurance; (3) Coca-Cola; and (4) Local Union Teamsters 812. She appears to seek monetary relief. She also filed an application for the court to request *pro bono* counsel to represent her in this action. (ECF No. 3.)

By order dated September 18, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court: (1) dismisses all claims against Magna Care, Coca-Cola, Local Union Teamsters 812, on

claim preclusion grounds; (2) dismisses all claims against Constitution State Services TPA for Indemnity Insurance, for failure to state a claim, with 30 days' leave to replead; and (3) warns Plaintiff that further duplicative or otherwise nonmeritorious litigation in this court concerning her employment at Coca-Cola and the denial of benefits while employed there may result in an order barring her from filing new actions IFP unless she first obtains permission from the court, pursuant to 28 U.S.C. § 1651.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges the following facts, without elaboration, which she alleges occurred on "TBD" date:

> The management team of Coca-Cola told Sed[g]wick to deny claim [and] [M]agna Care to accept bill. This was a cover-up so things I was really being exposed to mentally [and] physically would not be discovered. They was supposed to tell CCE no [and] send bills back to Sed[g]wick (Insurance Carrier). Instead they did what CCE instructed them to do. Also CCE contacted them about all my medical bills which I did not give consent/authorization to disclose my medical bills or my now adult children['s] medical bills. They gave out medical, dental [and] prescription coverage billing information. Constitution State Services has voluntarily taken full ownership of those wrongdoing. Teamster Local 812 failed to give me fair representation [and] they helped CCE in [their] contributing part of wrongdoing.

(ECF No. 1, at 5.) She adds that "CCE sent false information to the F.B.I. regarding [her]." (*Id.* at 4.)

In the "Relief" section of the complaint form, Plaintiff writes:

> Treble damages, slander *per se*, inconvenience, punitive damages, expectancy, damages, reliance damages, mental anguish, reinstate medical, dental [and] vision insurance, asking Court to set a sum certain dollar amount that would be fair to both parties[,] hopefully the sum certain dollar amount supercedes $1,000,000 or an amount that would be fair. Asking Court to make defendants pay lawyer fees.

(*Id.* at 6.)

It appears from Plaintiff's other suits in this court that Plaintiff worked in Coca Cola's factory in Elmsford, New York, until April 1, 2017. *See e.g.*, *Robinson v. Sedgwick Claims Management Serv.*, No. 23-CV-10782 (LTS) (ECF No. 1, at 9.) In 2017, she sought medical treatment for mental stress, allegedly as a result of harassment at work, and she applied to the New York State Workers Compensation Board for benefits, which were denied. (*Id.* at 11.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## DISCUSSION

### A. Defendants Magna Care, Coca-Cola, and Local Union Teamsters 812

#### 1. Claim Preclusion

Plaintiff has filed at least seven previous actions in this court concerning her employment at Coca-Cola and the denial of benefits while employed there. *See Robinson v. Coca-Cola*, No. 23-CV-10552 (LTS) (complaint filed on Dec. 1, 2023 against, among others, Coca-Cola and Teamsters Union Local 812; action dismissed on Nov. 14, 2024, due to failure to comply with order directing Plaintiff to file an amended complaint); *Robinson v. Sedgwick Claims Mgmt. Srvc.*, No. 23-CV-10782 (LTS) (complaint filed on Dec. 11, 2023 against, among others, Indemnity Insurance of North America and Coca-Cola; complaint dismissed on May 28, 2024, in part as duplicative and in part for failure to state a claim); *Robinson v. Aetna*, No. 23-CV-11100 (LTS) (complaint filed on Dec. 21, 2023, concerning the denial of leave under the Family and Medical Leave Act; action dismissed on Aug. 16, 2024, for failure to state a claim); *Robinson v. Bagwell*, No. 24-CV-0621 (LTS) (complaint filed on Jan. 29, 2024, concerning employment at Coca-Cola; action dismissed on Sept. 16, 2024, for lack of subject matter jurisdiction); *Robinson v. Kelly*, No. 24-CV-0625 (LTS) (complaint filed on Jan. 29, 2024, concerning an insurance dispute and alleged violations of HIPAA; transferred to the District of Connecticut on Jan. 29, 2024); *Robinson v. Magna Care*, No. 24-CV-0869 (LTS) (complaint filed on Feb. 5, 2024 against, among others, Magna Care, Coca-Cola, and Local Teamsters 812; action dismissed on May 28, 2024, in part as duplicative and in part for failure to state a claim); *Robinson v. Aetna*, No. 26-CV-7670 (UA) (employment discrimination complaint filed on Sept. 4, 2026 against, among others, Coca-Cola and Constitution State Services TPA for Indemnity Insurance; action remains pending).

In one of those cases, Plaintiff sued three of the Defendants in this action—namely, Magna Care, Coca-Cola, and Local Union Teamsters 812—and her allegations in that case were nearly identical to the allegations in her complaint in this action. *See Robinson v. Magna Care*, No. 24-CV-0869 (LTS) (ECF No. 1). In that case, by order dated May 28, 2024, the Honorable Laura Taylor Swain dismissed the action for failure to state a claim and denied leave to amend the complaint a second time as futile. *Id*. (ECF No. 8.)

Under the doctrine of claim preclusion, also known as *res judicata*, a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action – even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). If a litigant files a new suit and "advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown*, 442 U.S. at 131). Claims are treated as the same if they "arise from the same transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees*, 590 U.S. at 412 (citations and internal quotation marks omitted).

Claim preclusion generally applies if "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation and internal quotation marks omitted). Although claim preclusion is an

affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment).

As to Defendants Magna Care, Coca-Cola, and Local Union Teamsters 812, the elements of claim preclusion are satisfied here. First, the prior action was dismissed for failure to state a claim for relief, which "operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). Second, Defendants Magna Care, Coca-Cola, and Local Union Teamsters 812 were parties to the prior action. Third, the court in the prior action was of competent jurisdiction to adjudicate the claims asserted. Fourth, the causes of action in the prior action and in this action are the same.[2]

The Court therefore concludes that Plaintiff's claims in this action against Defendants Magna Care, Coca-Cola, and Local Union Teamsters 812 are barred by the doctrine of claim preclusion. The Court therefore dismisses all claims against these Defendants for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that plaintiff's IFP action, which was dismissed as barred on claim preclusion grounds, was properly dismissed for failure to state a claim on which relief may be granted).

[2] To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

**2. Warning under 28 U.S.C. § 1651**

As detailed above, Plaintiff has filed at least eight cases in this court (including the present case) concerning her employment with Coca-Cola and her disputes with insurance carriers while employed there. Many of those cases named as defendants Magna Care, Coca-Cola, and Local Union Teamsters 812, and nearly all of them have been dismissed for failure to state a claim. In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware of the elements of her chosen claims against Magna Care, Coca-Cola, and Local Union Teamsters 812 when she filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further duplicative or otherwise nonmeritorious litigation in this court may result in an order barring her from filing new actions IFP unless she first obtains permission from the court. *See* 28 U.S.C. § 1651.

**B. Defendant Constitution State Services TPA for Indemnity Insurance**

In this action, Plaintiff also asserts claims against Defendant Constitution State Services TPA for Indemnity Insurance, but her complaint contains virtually no allegations against them. In fact, the only allegation in the complaint against that Defendant is that "Constitution State Services has voluntarily taken full ownership of [their] wrongdoing" (ECF No. 1, at 5); Plaintiff does not describe what "wrongdoing" that Defendant Constitution State Services TPA for Indemnity Insurance allegedly committed or even what role it played, if any, in the events described in the complaint.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Plaintiff's allegations against Defendant Constitution State Services TPA for Indemnity Insurance fail to comply with Rule 8. Plaintiff seems to allege that this Defendant engaged in some form of wrongdoing, but nothing in the complaint indicates what Plaintiff is accusing this Defendant of doing to her. Instead, Plaintiff seems to rely solely on labels and conclusions that she has been harmed, rather than well-pleaded allegations that would both inform the Court what this civil action is about and give this Defendant adequate notice of the basis of her claims. The Court therefore dismisses Plaintiff's claims against Defendant Constitution State Services TPA for Indemnity Insurance, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Application for the Court to Request Pro Bono Counsel**

Plaintiff also file an application for the court to request *pro bono* counsel. (ECF No. 3.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

### D. Leave to Amend Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against Defendant Constitution State Services TPA for Indemnity Insurance, the Court grants Plaintiff thirty days' leave to amend her complaint to detail her claims against this Defendant. The Court denies Plaintiff leave to amend her complaint to assert claims against any other party. Moreover, if Plaintiff amends her complaint, she must clearly set forth facts showing that this Court may exercise subject matter jurisdiction of her claims.

## CONCLUSION

The Court dismisses all claims against Defendants Magna Care, Coca-Cola, and Local Union Teamsters 812, on claim preclusion grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate these Defendants. The Court warns Plaintiff that further duplicative or otherwise nonmeritorious litigation in this court concerning her employment at Coca-Cola and the denial of benefits while employed there may result in an order barring her from filing new actions IFP unless she first obtains permission from the court, pursuant to 28 U.S.C. § 1651.

The Court also dismisses all claims against Defendant Constitution State Services TPA for Indemnity Insurance, for failure to state a claim, with 30 days' leave to replead only claims against this Defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies leave to amend the complaint to assert claims against any other party. An amended complaint form is attached to this order.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's application for the court to request *pro bono* counsel. The Clerk of Court is directed to terminate the motion pending at ECF No. 3.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: October 6, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

## AMENDED

## COMPLAINT

Do you want a jury trial?

☐ Yes ☐ No

________________________________________

________________________________________

________________________________________

________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ________________________________________, is a citizen of the State of
(Plaintiff's name)

__________________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

____________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________________
First Name Middle Initial Last Name

______________________________
Street Address

______________________________
County, City State Zip Code

______________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.